JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-1411 PA (JCx) | Date | March 17, 2016 |
| Title | Healthcare Ally Mgmt. of California, LLC v. US Airways, Inc. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

None                                                              None

**Proceedings:**           IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendant US Airways, Inc. ("Defendant"). Defendant asserts that federal jurisdiction exists over the claims of plaintiff Healthcare Ally Management of California, LLC ("Plaintiff") on the basis of both diversity jurisdiction, 28 U.S.C. § 1332, and federal ERISA preemption. See 28 U.S.C. § 1331.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction"). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1411 PA (JCx) | Date | March 17, 2016 |
|----------|---------------------|------|----------------|
| Title | Healthcare Ally Mgmt. of California, LLC v. US Airways, Inc. | | |

Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In support of Defendant's contention that the Court possesses diversity jurisdiction over this matter, the Notice of Removal alleges that Plaintiff "is a citizen of California. (Exhibit A, ¶ 2.)" The Notice of Removal's citation to paragraph two of Exhibit A is to the Complaint. The Complaint's second paragraph alleges that Plaintiff "is and at all relevant times was a limited liability company, organized and existing under the laws of the State of California." The Complaint does not allege the citizenship of Plaintiff's members, and therefore does not allege the citizenship of Plaintiff. As a result, the Notice of Removal's allegation that Plaintiff is a citizen of California, which relies exclusively on a citation to the Complaint that does not in fact allege Plaintiff's citizenship, is not a proper or sufficient allegation of Plaintiff's citizenship, and Defendant has therefore failed to sufficiently allege the Court's diversity jurisdiction. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").

Defendant's Notice of Removal also alleges that "Plaintiff's Complaint presents a federal question because it includes claims preempted by" ERISA. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim. Id. However, there is an exception to this general rule, known as the complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

Here, Defendant contends that Plaintiff's claims are completely preempted by ERISA because "Any right to payment that La Peer, or Plaintiff as its assignee, may have for the services provided to the Patient, a participant in an ERISA plan, are . . . dependent on the terms of that plan and any right to payment is derivative of the Patient's right as an ERISA plan participant to benefits under the plan; any alleged promise of payment could only have been based on the plan's terms." (Notice of Removal ¶ 18.) However, the Ninth Circuit has held that a provider's claims are not completely preempted by ERISA where the provider is seeking payment based upon a separate agreement between it and the insurer.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-1411 PA (JCx) | Date | March 17, 2016 |
|---|---|---|---|
| Title | Healthcare Ally Mgmt. of California, LLC v. US Airways, Inc. | | |

Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941, 951 (9th Cir. 2009). In Marin, the plaintiff hospital sued a patient's employer, the employer's CEO, and a benefits administrator in state court for breach of contract, negligent misrepresentation, quantum meruit, and estoppel. Id. at 943. The hospital's claims were based on allegations that the benefits administrator had orally verified the patient's coverage, authorized treatment for the patient, and agreed to cover 90% of the medical expenses incurred. Id. However, after the benefits administrator was billed by the hospital, it refused to pay the 90% that it had previously promised. Id. at 943-44. The defendants removed the action based on ERISA preemption, and the district court denied the hospital's motion to remand. Id. at 944. On appeal, the Ninth Circuit concluded that the action should have been remanded. Id. at 951. Under the two-prong test articulated by the Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004), a state-law cause of action is completely preempted if: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions. In applying Davila, the Ninth Circuit found that the hospital's claims were not completely preempted by ERISA because they were based upon an alleged oral contract with the defendants, which gave rise to an independent legal duty to pay the disputed medical expenses, and prevented the claims from being brought under ERISA. Id. at 949-50.

In concluding that complete ERISA preemption did not apply, the Ninth Circuit's opinion in Marin distinguished between ERISA § 502(a) complete preemption and conflict preemption under ERISA § 514(a), which preempts provisions of state law that "relate to" ERISA. Id. at 945. While complete preemption under § 502(a) creates federal subject matter jurisdiction, conflict preemption under § 514(a) is a defense that "does not confer federal question jurisdiction on a federal district court." Id. As the Ninth Circuit has explained complete preemption, "[i]f a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

Contrary to Defendant's description of the Complaint as bringing claims based on the terms of an ERISA plan, Plaintiff's Complaint, which alleges claims for quantum meruit, breach of oral contract, and promissory estoppel, disclaims any reliance on the ERISA plan's terms. According to the Complaint, Plaintiff "does not in any way, seek to enforce the contractual rights of the Medical Provider's Patient, through the Patient's insurance contract, policies, certificates of coverage or other written insurance agreements." (Complaint ¶ 7.) Instead, the Complaint's claims "are based upon the individual and proper rights of [Plaintiff] in its own individual capacity and are not derivative of the contractual or other rights of the Medical Provider's Patient." (Id.) According to Plaintiff, all "of the claims asserted in this complaint arise out of the Medical Provider's interactions with Defendant . . . and are derived from the representations and warranties made during those conversations amongst those

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-1411 PA (JCx) | Date | March 17, 2016 |
|---|---|---|---|
| Title | Healthcare Ally Mgmt. of California, LLC v. US Airways, Inc. | | |

parties." (Id.)  In support of these allegations, the Complaint alleges details about a conversation between the medical provider and Defendant concerning the terms of payment.  (Id. at ¶ 21-26.)

The Court therefore concludes that Defendant's assertion that Plaintiff's claims are completely preempted by ERISA is incorrect.  Because there is no evidence that Plaintiff's claims are brought pursuant to the terms of an ERISA plan, Defendant's Notice of Removal fails the Davila test, which allows complete preemption only when:  (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions.  Davila, 542 U.S. at 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312.  Specifically, because Plaintiff has alleged only claims based on implied rights and an oral contract, but has not alleged rights specifically growing out of assignments of ERISA beneficiaries, the Court cannot conclude that there is no other independent legal duty upon which Plaintiff's claims are based.

The Court therefore concludes that Defendant's Notice of Removal has inadequately alleged that all of Plaintiff's claims are completely preempted by ERISA and that the Court possesses diversity jurisdiction.  As a result, Defendant has not met its burden to establish the existence of the Court's subject matter jurisdiction.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Santa Monica Courthouse, Case No. SC 125330.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.